# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

CLARENCE L DUNSON,

    Plaintiff,

v.     CASE NO. 5:09-cv-00336-RS-AK

TONI BOWDER, et al,

    Defendants.

_____/

## **O R D E R**

Plaintiff has filed an amended complaint (Doc. 6) and six supporting memoranda (Docs. 11, 15, 18, 19, 20, 21). Having reviewed these filings, it is clear that Plaintiff has failed to state a claim for relief, and he must file an amended complaint as set forth below.

Plaintiff has filed a First Amended Complaint against a number of medical personnel at Jackson Correctional Institution alleging generally that he has not been treated properly for neck and back problems that cause him pain. He alleges generally that the defendants take too long to see him or to dispense medication and his medications are not appropriate. He complains generally that he needs a boot pass and needs to see a specialist and suggests that the problems are because relatives working at Jackson Correctional Institution are protecting each other and stealing medication and supplies from the medical unit. The pleading (Doc. 6) actually includes two "First Amended" complaints against separate medical personnel, but which concern the same general claims.

In order to state a claim of cruel and unusual punishment for indifference to serious medical needs under the Eighth Amendment, Plaintiff must be more specific about what each

defendant did in responding to his medical requests or needs. Plaintiff must show that the defendants acted with an attitude of "deliberate indifference." Estelle v. Gamble, 429 U.S. 97, 105 (1976). This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000).

To show the factors set forth above, Plaintiff must name the Defendants and provide details such as dates of when he asked for medical care and from whom, and dates when he received it and from whom. He should include these facts on **one** complaint form and follow the instructions on the form which direct that he list each defendant and state the facts supporting his claims against each one. The six supporting memoranda that Plaintiff filed after he filed the complaint have not been helpful and Plaintiff should include all the necessary facts in the second amended complaint only.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is

involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint with the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

**IT IS ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this Order not later than **July 13, 2010.**

3. **Failure of Plaintiff to comply with this Order may result in the dismissal of this action.**

**ORDERED** on June 29, 2010.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**