IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L DUNSON,

    Plaintiff,

v.                                            CASE NO. 5:09-cv-00336-RS-GRJ

WARDEN REDDIN, et al,

    Defendants.

_____/

## O R D E R

    Plaintiff has filed four claims in this case pursuant to 42 U.S.C. §1983, alleging generally a denial of medical care. (Docs. 1, 6, 23 and 32.) Plaintiff's original complaint, first amended complaint and second amended complaint concerned medical staff at Jackson Correctional Institution and other persons at the Department of Corrections Central Office. In his third amended complaint, Plaintiff raises claims against staff at Union Correctional Institution. (Doc. 32). Plaintiff generally claims that he is getting the "run around" and being forced to work beyond his capabilities. Although Plaintiff names as defendants the Warden, Dr. Nazareno and "All Nurses," he fails to allege specifically what each of the named defendants did to deny him medical care or to force him to work beyond his medical restrictions.

    To allege a claim the Plaintiff must show that the Defendants in charge of assigning him work knew of his medical restrictions and with such knowledge forced him to work in spite of his restrictions. Plaintiff must name only those persons who actually forced him to work and not, for example, the Warden simply because he is in charge of the institution.

To establish an Eighth Amendment violation based on prison workplace conditions, an inmate must show that prison officials were deliberately indifferent when they knowingly compelled the inmate to perform physical labor beyond his strength, or which posed a danger to his health, safety or was unduly painful. Carter v. Price, No. 93-7389, 1994 WL 242887, at *1 (5th Cir. May 18, 1994); Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993); Gilkerson v. Worthey, No. 4:07cv25-WS/AK, 2008 WL 4194812, at *3 (N.D. Fla. Sept. 10, 2008).

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff **one** more opportunity to amend his complaint to name the proper defendants and to be specific about what each defendant did or did not do that resulted in a denial of medical care or caused Plaintiff to work beyond his medical restrictions. To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Fourth Amended Complaint." An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).

3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

Plaintiff also has filed another motion for leave to proceed IFP. (Doc. 33). Because Plaintiff already has been granted leave to proceed (Doc. 16) Plaintiff does not need to file a motion with each complaint. Plaintiff previously submitted a motion which the Court denied as moot for the same reason. (See Doc. 26)

Accordingly, it is **ORDERED**:

1. The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form, which he shall complete in full and file on or before **December 26, 2010. This will be the last opportunity given to Plaintiff to state his claims in this case.**

2. Failure to comply with this Order in the allotted time will result in a recommendation to the district judge that this cause be dismissed.

3. Plaintiff's Motion for Leave to Proceed IFP (Doc. 33) is **DENIED AS MOOT**.

**DONE AND ORDERED** this 7th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge