IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L DUNSON,

    Plaintiff,

v.                                      CASE NO. 5:09-cv-00336-RS-GRJ

ALL MEDICAL NURSES, et al,

    Defendants.

_____/

**O R D E R**

Pending before the Court are: (1) Plaintiff's Motion to Clear up Any Misunderstanding on My Case (Doc. 45) and (2) Motion For Change of Venue. (Doc. 51.) The Court entered an Order on January 12, 2011 dismissing this case without prejudice (Doc. 40) because the Court interpreted two motions filed by the Plaintiff (Docs. 38 and 39) as requesting that relief. Final Judgment was entered on the same date. (Doc. 41.) Plaintiff then filed a Notice of Appeal (Doc. 42.)

As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cri. 2003). However, it does not prevent the district court from taking action "in furtherance of the appeal." Id. Nor does it prevent the court from entertaining motions on matters collateral to those at issue on appeal. Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001).

In Plaintiff's Notice of Appeal, Plaintiff appealed the Court's Order dismissing the case and therefore the court does not have jurisdiction to rule upon Plaintiff's motions. With regard to Plaintiff's "Motion To Clear Up Misunderstanding," while it is unclear

what relief Plaintiff is requesting, from a fair reading of Plaintiff's motion it appears Plaintiff wants to add another party to his case and is attempting to argue the evidence in support of his claims. These issue go directly to whether the case should continue, which is the issue on appeal. With regard to Plaintiff's Motion to Change Venue, the Court does not have jurisdiction to address this motion because of the pendency of the appeal.

Plaintiff is advised, however, if Plaintiff wants to proceed with this case and did not want the case dismissed he should have filed a motion for reconsideration of the Court's Order dismissing the case. Because, however, Plaintiff did not – and instead filed an appeal – the Court cannot entertain his motions. If Plaintiff wants the Court to entertain his motion either the appeal must be dismissed or the matter remanded to this Court by the Eleventh Circuit so the Court could address whether the case should be reopened.

Accordingly, it is **ORDERED**:

That Plaintiff's Motion to Clear up Any Misunderstanding on My Case (Doc. 45) and Plaintiff's Motion To Change Venue (Doc. 51) are **DENIED without prejudice** because the Court does not have jurisdiction to rule on the motions.

**DONE AND ORDERED** this 4th day of March, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge