IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


CLARENCE L. DUNSON,

      Plaintiff,

v.                                 CASE NO. 5:09-cv-336-RS-GRJ

WARDEN REDDIN, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* complaint on the Court's civil rights complaint form for prisoners in actions under 42 U.S.C. § 1983.  (Doc. 1.) Plaintiff has been given the opportunity to amend his complaint numerous times and is currently operating pursuant to a Third Amended Complaint.  (Doc. 32.)  For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed for abuse of the judicial process.

## BACKGROUND AND FACTS

      Plaintiff is an inmate under the custody of the FDOC at Union Correctional Institution ("Union C.I.") in Raiford, Florida.  Plaintiff's Third Amended Complaint names three Defendants: Warden Reddin of Union C.I., Dr. A. Nazareno, a doctor at Union C.I., and all nurses who work at Union C.I.  Plaintiff claims the Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (Twombly "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an

action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th

Cir.1998) (*overruled on other grounds* by Iqbal*).*

## DISCUSSION

Plaintiff's Complaint is due to be dismissed because Plaintiff abused the judicial

process by failing to disclose any of his three previous lawsuits in federal court as well

as the disposition of one of those lawsuits.

Plaintiff executed the civil rights complaint form under penalty of perjury.  (Doc.

32 at 7.)  The Court's screening of the Third Amended Complaint discloses Plaintiff

completely failed to list any of the three previous lawsuits he filed in this Court and in

the U.S. District Court for the Middle District of Florida as well as the disposition of one

of those lawsuits.

Specifically, section IV of the Court's civil rights complaint form required Plaintiff

to disclose information regarding previous lawsuits.  (*Id*. at 5.)  In section IV C of the

complaint form Plaintiff was required to disclose whether he has initiated other actions

in either state or federal court that relate to the fact or manner of the prisoner's

incarceration or conditions of confinement, including civil rights complaints about any

aspect of prison life or habeas corpus petitions.  Plaintiff checked "no."  In section IV D

of the complaint form Plaintiff was required to disclose whether he had "initiated

lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous,

malicious or for failure to state a claim upon which relief may be granted," and, if so, to

identify each case and its disposition.  Plaintiff also checked "no" for that item.

Despite clear instruction in the civil rights complaint form, Plaintiff completely

failed to list three lawsuits previously filed in this Court and in the Middle District of

Florida.  Plaintiff filed a petition for a writ of habeas corpus by a state prisoner pursuant

to 28 U.S.C. § 2254 in the Middle District of Florida in Case No. 6:07-cv-01860 on

November 21, 2007.  (Middle District Case No. 6:07-cv-01860 Doc. 1.)  That case was

dismissed without prejudice on February 17, 2008 because Plaintiff failed to comply

with a previous court order requiring him to provide the proper inmate financial account

information.  (Middle District Case No. 6:07-cv-01860 Doc. 11.)

Plaintiff filed another lawsuit in the Middle District of Florida on September 15,

2008 in Case No. 6:08-cv-01586.  (Middle District Case No. 6:08-cv-01586 Doc. 1.)  In

that lawsuit Plaintiff named as defendants: Sergeant McKinney, Captain McKinney,

Lieutenant Daffin, Staff Assistant Sheryl Conrad, Librarian Ms. Stephens and Assistant

Warden Buddy Kent, all Florida Department of Corrections personnel employed at the

Jackson Correctional Institution in Malone, Florida.  (*Id.*)  Plaintiff claimed each had,

among other things, denied him his constitutional right of access to the courts.  (*Id.*)

Although Plaintiff filed that complaint in the Middle District of Florida, he used this

Court's civil rights complaint form for actions under 42 U.S.C. § 1983 rather than using

the applicable complaint form from the Middle District.  (*Id.*)  That suit was transferred to

this Court on October 10, 2008 (Middle District Case No. 6:08-cv-01586 Docs. 4 & 6)

and was assigned case no. 5:08-cv-317 when it was transferred here.  (Case No. 5:08-

cv-317 Doc. 1.)  This Court dismissed the transferred case on February 10, 2009

because it was duplicative.  (Case No. 5:08-cv-317 Doc. 11.)

Plaintiff also filed another lawsuit in this Court on the same day he filed his

complaint in the Middle District of Florida in Case No. 6:08-cv-01586.  (Case No. 5:08-

cv-291 Doc. 1.)  That case -- which also was filed on this Court's civil rights complaint

form for actions under 42 U.S.C. § 1983 – included identical claims against the same Jackson C.I. personnel named in the Middle District case filed the same day.  (*Id*.)  The Court dismissed this case on December 17, 2009 as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Case No. 5:08-cv-291 Doc. 33.) Plaintiff appealed the dismissal to the Eleventh Circuit, which affirmed in a *per curiam* opinion dated January 5, 2011. (Case No. 5:08-cv-291 Doc. 58.)  Plaintiff also failed to comply with section IV D by failing to disclose that Case No. 5:08-cv-291 was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as frivolous and for failure to state a claim. (Case No. 5:08-cv-291 Doc. 33.)

The Court entered an Order To Show Cause on June 27, 2011 that referenced Plaintiff's failure to disclose all three cases, as well as the disposition of Case No. 5:08-cv-291, and gave Plaintiff the opportunity to show cause as to why this case should not be dismissed for abuse of the judicial process. (Doc. 62.)  In response, Plaintiff filed several "affidavits" in which he stated he had no cases pending in either federal or district court[1] at the time he filed his amended complaint in this action.  (Doc. 65 at 4-6.) Plaintiff also refers to two different lawsuits, one regarding his medical care and the other a lawsuit against the FDOC relating to Plaintiff's life sentence.  (*Id.* at 6.)  He also stated he had sent this Court everything in good faith and with honesty in fact.  (*Id.* at 4.)

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's

---

[1] It is unclear if Plaintiff meant to say state or federal court here.

prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the

judicial process. *See* <u>Redmon v. Lake County Sheriff's Office</u>, No. 10-11070, 2011 WL

576601, at \*4 (11th Cir. Feb. 10, 2011).[2] In <u>Redmon</u>, the Eleventh Circuit affirmed the

dismissal of a prisoner's civil rights complaint for failure to disclose a previous lawsuit.

The plaintiff argued that he "misunderstood" the form, but the Court held the district

court had the discretion to conclude the plaintiff's explanation did not excuse his

misrepresentation because the complaint form "clearly asked Plaintiff to disclose

previously filed lawsuits[.]" <u>Id</u>. The Court determined dismissal was an appropriate

sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

<u>Id</u>.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes"

provision, the information required on the form assists the Court in efficiently managing

prisoner litigation by showing whether a complaint is related to or is affected by another

case. The failure to exercise candor in completing the form, while acknowledging that

the answers are made under penalty of perjury, impedes the Court in managing its

caseload and merits the sanction of dismissal. *See* <u>Redmon</u>, 2011 WL 576601, at \*4;

<u>Johnson v. Crawson</u>, No. 5:08-cv-300, 2010 WL 1380247, at \*2 (N.D. Fla. Mar. 3,

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

2010)("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); Paulcin v. McNeil, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").  In this instance, Plaintiff completely failed to disclose three previous cases in Section IV C and the disposition of one of those cases in Section IV D of the instant Third Amended Complaint, which warrants dismissal of this case.

### RECOMMENDATION

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that:

(1)    This case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for abuse of the judicial process.

(2)    The dismissal of this case should count as a strike pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** in Gainesville, Florida this 21st day of November, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**